972

The order of the Oklahoma Court of Criminal Appeals would permit petitioner to be tried on charges arising out of the same criminal transaction as that underlying petitioner's conviction for armed robbery. Because I continue to adhere to my view, expressed in *Harris* v. *Oklahoma, supra,* at 683 (concurring opinion), that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires the prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction," *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring), I would grant the petition for certiorari and reverse the judgment of the Oklahoma Court of Criminal Appeals in No. H–78–322. See *Thompson* v. *Oklahoma,* 429 U. S. 1053 (1977) (BRENNAN, J., dissenting), and cases collected therein.

No. 78–5489. HALL *v.* CALIFORNIA. Ct. App. Cal., 1st App. Dist. Certiorari denied. MR. JUSTICE WHITE would grant certiorari.

No. 78–464. CURTIN MATHESON SCIENTIFIC, INC., ET AL. *v.* RUSSELL ET AL. C. A. 5th Cir. Motion for leave to file petition for writ of certiorari and/or petition for writ of certiorari denied. Certiorari denied.

No. 77–1589. OLIVETI *v.* UNITED STATES, *ante,* p. 822;
No. 77–1616. NELSON *v.* DEFENSE LOGISTICS AGENCY, *ante,* p. 824;
No. 77–1816. DiGILIO ET AL. *v.* UNITED STATES, *ante,* p. 836;
No. 77–6691. ALDRIDGE *v.* FLORIDA, *ante,* p. 882;
No. 77–6696. LEWIS *v.* UNITED STATES, *ante,* p. 842; and
No. 77–6712. BRIDGES *v.* UNITED STATES, *ante,* p. 842. Petitions for rehearing denied.